**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**EASTERN DIVISION**

MIKE SORG                                                                                                           PLAINTIFF
ADC # 113043

v.                                                      2:15CV00179-JM-JJV

BUTLER, Doctor; *et al.*                                                                                DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

    1.    Why the record made before the Magistrate Judge is inadequate.

    2.    Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.    The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I. INTRODUCTION

Mike Sorg ("Plaintiff") brings this action alleging he suffers from Hepatitis C and Defendants have not provided him with constitutionally adequate medical care for this condition. (Doc. No. 4) He states he was diagnosed with Hepatitis C and "the Arkansas Department of Correction will not provide the medication that will cure this disease and [he is] not allowed to get it by purchasing it [himself] either." (*Id.* at 4)

Defendant Butler has now moved for summary judgment. (Doc. Nos. 25-26) Dr. Butler argues Plaintiff has received appropriate treatment and, as a matter of law, this case matter should be dismissed. *Id.* Plaintiff did not respond to the Motion, so Defendant moved to have his Statement of Facts (Doc. No. 27) deemed admitted. (Doc. Nos. 28) For good cause shown, the Motion was granted. (Doc. No. 30) This matter is now ripe for adjudication.

### II.   SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party

is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

**II.     ANALYSIS**

The Eighth Amendment, which applies to the States through the Due Process Clause of the Fourteenth Amendment, prohibits the infliction of "cruel and unusual punishments" on those convicted of crimes. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). Deliberate indifference to the serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (deliberate indifference includes intentional interference with prescribed treatment; inadvertent or negligent failure to provide adequate medical care cannot be said to constitute "unnecessary and wanton infliction of pain").

The United States Court of Appeals for the Eighth Circuit has explained:

Prison doctors and guards violate the Eighth Amendment when they act with

'deliberate indifference to [an inmate's] serious medical needs.' 'Deliberate indifference' entails a level of culpability equal to the criminal law definition of recklessness, that is, a prison official 'must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.' Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Likewise, an inmate's 'mere disagreement with the course of his medical treatment' fails to state a claim of deliberate indifference.

*Bender v. Regier*, 385 F.3d 1133, 1137 (8th Cir. 2004) (citations omitted).

Defendant contends he provided appropriate care to Mr. Sorg. To support his contention, he provides the affidavit of Jeffrey Stieve, M.D. (Doc. No. 27-3) Dr. Stieve is employed by Correct Care Solutions, LLC, the medical care provider for inmates of the Arkansas Department of Correction. He oversees the administration of medical services at the various units of the Arkansas Department of Correction. *Id.*

Dr. Steive states he reviewed Plaintiff's medical records prior to completing his affidavit. (*Id.* at 1) With regard to the treatment of Hepatitis C, the Arkansas Department of Correction utilizes an algorithm to determine the level of treatment given to an infected inmate. (*Id.* at 2) The algorithm is based on various medical factors. (*Id.*)

Mr. Sorg was receiving chronic care for Hepatitis C and being followed by Dr. Butler. (*Id.*) Dr. Steive says, "The relevant lab values between August 28, 2014 and October 30, 2015, which include values for albumin, platelet count and PT/INR, indicate that Mr. Sorg's values were within the normal range. Pursuant to the Hepatitis C algorithm, Mr. Sorg was not a candidate for treatment during this period of time." (*Id.*) Dr. Steive concludes, "It is my professional opinion that Mr. Sorg was appropriately treated from August 28, 2014 to October, 30, 2015, utilizing the Hepatitis C algorithm. My opinions are consistent with sound medical practices and my own professional judgment." (*Id.* at 3)

Based on the foregoing, I find that Dr. Butler's treatment of Plaintiff's Hepatitis C was not deliberately indifferent. First, Plaintiff cannot establish deliberate indifference based solely on his disagreement with Dr. Butler's treatment decisions. *See Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006). That Plaintiff believed an alternative course of treatment would have proven more effective is insufficient. Second, an inmate cannot, in the face of medical records and physician affidavits, create a question of fact simply by stating that he did not feel his treatment was adequate. *Dulany v. Carnahan*, 132 F.3d 1234, 1240 (8th Cir.1997). Here, the records and uncontroverted testimony of Dr. Steive indicate that Plaintiff's pain treatment was adequate.

IT IS, THEREFORE, RECOMMENDED that

1) Defendant Butler's Motion for Summary Judgment (Doc. No. 25) be GRANTED.

3) This cause of action be DISMISSED with prejudice.

Dated this 22nd day of June, 2016.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE